Wyly, J.
An information was filed against the defendant containing three counts:
First — Forgery.
Second — Publishing as true a forged order for the delivery of goods.
Third — Obtaining goods by false pretenses.
A nolle prosequi was entered as to the third count, and the accused was tried and found guilty on the first and second. The counsel for the defendant moved for a new trial on the following grounds:
*361 First — There was no testimony showing the forged instrument is in the handwriting of the accused, or that it was done by his procuration.
Second — There was error in admitting said forged writing to prove said first count.
Third — The evidence in support of the second count was not sufficient to warrant the jury in returning a verdict of guilty.
A rehearing was granted on the first count, but refused on the second. A nolle prosequi was then entered as to the first count, and the accused was sentenced to six years’ imprisonment in the penitentiary. He thereupon took this appeal.
Appellant assigns in this court the following errors :
■1. There is no order transferring this case from the First District Court to the Superior Criminal' Court.
2. The contractions in the writing charged to have been forged in the second count should have been explained by an innuendo or explanatory averment.
3. It should have been averred in said second count what was meant by the contractions Randal & Co.; that is, whether the same meant some juridical person or association whose signature would be effective for the purpose of fraud.
4. It should have been averred in said second count that Randal & Co. had goods at the place designated by the order.
5. Tile jury, in their finding on the second count, predicated the forgery and guilty knowledge on the first count. A new trial and nolle prosequi having been subsequently ordered on the first count, the finding on the second can not stand by itself.
6. There was error in the ruling of the judge refusing to allow the motion in arrest of judgment to be filed.
7. The prisoner was not asked if he liad anything to say why sentence should not be passed upon him.
First — Act 124 of the acts of 1874, organizing the Superior Criminal Court, gave that court exclusive jurisdiction of this case, and no order of transfer or other decree was necessary to give it jurisdiction.
Second and Third — The forged order was copied in the second count, and no explanatory averment of the meaning of the words and figures thereof was necessary, the meaning was obvious. The signature to the forged order: “Randal & Co., 43 Carondelet street,” was sufficient to suggest the name of a firm upon whom the forgery had been committed.
Fourth and Fifth — It was not necessary to allege that Randal & Co. had goods at the place designated in the forged order. We regard the averments of the second count as ample to apprise the defendant of *362 the charge against him and to put him in possession of all information necessary to prepare the defense. In the motion for a new trial the only objection to the finding on the second count was the averment that the evidence was not sufficient to warrant the jury in returning the verdict of guilty. The second count, as before remarked, contains all the necessary allegations in a charge for publishing a forged order for the delivery of goods; and the jury, upon facts which we can not revise, returned a verdict of guilty on this count. That a new trial and nolle proseguí were entered upon the first count charging forgery is no reason why the defendant should escape the verdict and sentence on the second count, a distinct and separate offense.
Sixth and Seventh — The defendant had the right to file a motion in arrest of judgment, but that right should have been exercised within a reasonable time. The new trial and nolle proseguí as to the first count were entered on the twenty-third of May, 1874 ; the motion in arrest of judgment, however, was not presented' until the twenty-seventh, four days afterward. We are not prepared to say the judge erred in holding that the motion came too late.
The decree recites that the accused was brought into court “in the custody of the sheriff to be sentenced on the above charge, and having nothing to offer in arrest of judgment, considering the verdict of the jury herein recorded and section 833 of the Revised Statutes of the State, the court sentenced the said George Fritz alias Fry to imprisonment at hard labor in the State penitentiary for a term of six years, and to pay the costs of this prosecution.”
The expression “and having nothing to offer in arrest of judgment,” of course, implies that the prisoner was asked if he had anything to say why sentence should not be pronounced against him.
Judgment affirmed.